UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES STALNAKER, et al., | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-cv-2845 |
| FORD MOTOR COMPANY, | § § | JURY DEMANDED |
| *Defendant.* | § § | |

### DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

Defendant Ford Motor Company submits this Notice of Removal based on diversity of citizenship in accordance with 28 U.S.C. § 1446, because, under 28 U.S.C. § 1332(a), this action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Defendant respectfully represents as follows:

1. Plaintiffs commenced the above-captioned action by filing their "Original Petition and Demand for Jury Trial" ("Petition") in the District Court of Dallas County, Texas (the "State Court") on August 13, 2020. A true and correct copy of the original State Court Petition is attached as **Exhibit A-1**.

### Complete Diversity of Citizenship

2. As set forth in the Petition, these 16 Plaintiffs allege they are all citizens and residents of Texas, residing in various localities therein. (Orig. Pet., **Ex. A-1**, ¶¶ 27–41.)

3. Defendant Ford, meanwhile, is a Delaware corporation with its principal place of business in Dearborn, Michigan. (*Id.* ¶ 42.)

4. Accordingly, complete diversity of citizenship exists under 28 U.S.C. § 1332(a).

**Amount in Controversy**

5.      Plaintiffs do not specify an amount of damages sought;[1] however, under the prevailing common-sense approach applied in this District and Circuit, it is facially apparent from the Petition that based on the claims Plaintiffs assert and the relief they seek, the amount in controversy for each Plaintiff's claims exceeds the threshold $75,000 jurisdictional amount, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

6.      Plaintiffs each assert two claims for alleged fraud and violations of the Texas Deceptive Trade Practices Act ("DTPA") arising from their purchases of 2013 to 2017 Ford F-250 and F-350 "Super Duty" diesel trucks. (*See generally* Orig. Pet.) In general, Plaintiffs all assert their vehicles' emissions are not what they were represented to be, and that they have sustained various forms of damages as a result. (*E.g.*, *id.* ¶ 27.)

---

[1] Plaintiffs baldly assert: "Pursuant to Tex. R. Civ. P. 47(c), Plaintiffs state they each individually seek less than $75,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." (Orig. Pet. ¶ 23.) However, statements "in compliance with Rule 47, such as this, are not evidence of the actual value of Plaintiff's claim, but are merely a pleading requirement with which Plaintiff must comply and alone do not establish" the amount in controversy. *Emergency Staffing Sols. Inc v. Ozark Health Inc.*, No. 416CV00145ALMCAN, 2016 WL 6998683, at *3 (E.D. Tex. Nov. 7, 2016), *report and recommendation adopted sub nom. Emergency Staffing Sols. Inc. v. Ozark Health, Inc.*, No. 4:16-CV-145, 2016 WL 6996238 (E.D. Tex. Nov. 30, 2016) (citing *Renew My Healthcare, L.L.C. v. Chase Marketing*, No. 4:15-CV-681, 2015 WL 9311396, at *2 (E.D. Tex. Nov. 25, 2015)). Moreover, Plaintiffs' reference to them "individually seek[ing] less than $75,000" is not in compliance with Rule 47, and it provides them no "means to avoid federal jurisdiction," as "the plain language of the rule has no provision for a plaintiff limiting her damages to $75,000 or less." *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *5 (N.D. Tex. Oct. 28, 2013). In addition, under Texas law, a plaintiff cannot claim a specific amount of damages. *Sharp Mexican Partners, LP v. Republic Waste Servs. of Texas, Ltd.*, No. 3:17-CV-1605-S-BN, 2019 WL 5887343, at *8 (N.D. Tex. July 23, 2019), *report and recommendation adopted*, No. 3:17-CV-1605-S-BN, 2019 WL 3819208 (N.D. Tex. Aug. 14, 2019) ("Some states, like Texas, prohibit plaintiffs from pleading a specific amount of damages. *See* Tex. R. Civ. P. 47(b)-(c)."). "Further, the Fifth Circuit views statements in complaints for 'an amount not to exceed' the jurisdictional amount to be 'bold effort[s] to avoid federal court,'" and, as such, are to be disregarded. *French v. Keybank Nat. Ass'n*, No. 4:12CV352, 2012 WL 7827548, at *2 (E.D. Tex. Oct. 4, 2012), *report and recommendation adopted*, No. 4:12CV352, 2013 WL 1313845 (E.D. Tex. Mar. 28, 2013). Thus, Paragraph 23 has no bearing on the amount in controversy. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

7. As for their damages, Plaintiffs allege they have sustained "out-of-pocket losses, including *without limitation*, an overpayment of purchase of *at least* $8,400 and diminished value of" their vehicles. (*E.g.*, *id.* (emphasis added).) They further assert that had they known then what they purport to know now, they would not have purchased their vehicles or would have paid less for them. (*E.g.*, *id.*; *also id.* ¶ 267 ("Had Plaintiffs known of the higher emissions at the time they purchased or leased their Fraudulent Vehicles, or had they known of the effects on fuel economy if the emissions were not manipulated, they would not have purchased or leased those vehicles, or would have paid substantially less for the vehicles than they did and would not have paid the $8,400 premium.").)

8. In their "Fraud" count, Plaintiffs also seek "actual damages, including economic and non-economic damages (including, *without limitation*, damages for embarrassment, humiliation, mental anguish and emotional distress) in an amount to be proven at trial." (Orig. Pet. ¶¶ 286–306 (emphasis added).) They further assert that Ford "is guilty of oppression, fraud, and malice, express or implied," which—they assert—"warrants the award of *substantial* punitive and exemplary damages in an amount to be determined at trial." (*Id.* ¶ 306 (emphasis added).)

9. In their DTPA count, Plaintiffs allege that Ford "knowingly and intentionally" violated that act and "seek economic damages, additional damages for knowing and intentional violations of the Texas DTPA, mental anguish damages, punitive damages, and attorneys' fees, costs, and any other just and proper relief available under the Texas DTPA," which would also include injunctive relief as well as rescission and restitution. (*Id.* ¶ 326; *also id.* ¶ 327); Tex. Bus. & Comm. Code § 17.50(b)(1) (allowing a plaintiff who proves a knowing and intentional DTPA violation to recover both economic damages and mental anguish and for both to be trebled), & § 17.50(b)(2)–(3); *also Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 824 & n.7 (Tex. 2012) (recognizing that § 17.50(b)(3) allows relief of restitution and rescission). Plaintiffs further elaborate that they seek attorneys' fees through trial, post-trial, on appeal, and even for post-judgment discovery "in the event execution on the judgment is necessary." (Orig. Pet. ¶ 328.)

10. Although Plaintiffs' damage claims are partly (if not wholly) necessarily related to the purchase price or value of their Super Duty trucks, Plaintiffs failed to specify what they each paid for their trucks. However, publicly available information shows that the base levels of each model vehicle cost between $29,875 and $32,535 for the 2013 to 2017 F-250, respectively, and between $30,930 and $33,705 for the 2014 to 2017 F-350, respectively, with those prices increasing depending on the trim levels, specifications, and optional equipment. *E.g.*, *Brooks v. Ford Motor Co.*, No. CV 20-302 DSF (KKX), 2020 WL 2731830, at *1–2, *4 (C.D. Cal. May 26, 2020) (denying remand and finding jurisdictional amount satisfied in light of the manufacturer's "suggested retail price of $54,745" for a "2018 Ford Super Duty"—as provided by the removing party—and considering the petition's demand for civil penalties and attorney's fees).

11. Under circumstances such as these, this District and others in Texas have held removal proper and federal diversity jurisdiction to exist where, considering the likely purchase prices for the vehicles at issue along with demands for economic and non-economic damages (including "without limitation" for mental anguish), exemplary and trebled damages under the DTPA, attorney's fees, and punitive damages, the plaintiffs' claims satisfied the amount-in-controversy requirement. *E.g.*, *Mize v. BMW of N. Am., LLC*, No. 2:19-CV-007-Z-BR, 2020 WL 1526909, at *3 (N.D. Tex. Mar. 31, 2020); *Harris v. BMW of N. Am., LLC*, No. 4:19-CV-00016, 2019 WL 4861379, at *5 (E.D. Tex. Oct. 2, 2019). Indeed, as the *Harris* court explained, the impact of the alleged entitlement to trebled damages under the DTPA means a plaintiff's base damages need only exceed $25,000—"a much lower bar than the $75,000 jurisdictional threshold." 2019 WL 4861379, at *5; *also id.* ("Thus, because the Court finds that each plaintiff could plausibly prove (1) economic damages exceeding $25,000 and (2) that the Defendant intentionally committed deceptive trade practices causing those economic damages, Plaintiffs' claims meet the jurisdictional amount under 28 U.S.C. § 1332."). That required base amount would be even less where (as here) the plaintiff also seeks punitive damages and attorney's fees. *Wofford v. Allstate Ins. Co.*, No. CIV.A. 304CV2699-M, 2005 WL 755761, at *2 (N.D. Tex. Apr. 4, 2005) ("In

determining the amount in controversy, the Court considers items for which Allstate can be liable under state law, including attorney's fees, penalties, statutory damages, and punitive damages.").

12. Here, Plaintiffs each seek "out-of-pocket losses, including *without limitation*, an overpayment of purchase of at least $8,400" *plus* "diminished value of" each of their vehicles, *plus* "mental anguish and emotional distress" damages, *plus* trebling of both economic and non-economic damages (including mental anguish) for allegedly knowing and intentional DTPA violations, *plus* "substantial punitive and exemplary damages," *plus* attorney's fees. (Orig. Pet. ¶¶ 27, 306, 326–28, & at 140.) Under a "common-sense approach," such allegations suffice to show the jurisdictional amount met on the face of the petition.[2] *See Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *4 (N.D. Tex. Oct. 28, 2013) ("The common-sense approach has been used by the Fifth Circuit in removed cases to determine whether the jurisdictional amount has been satisfied."); *Johnson v. Carmax Auto Superstore, Inc.*, No. CIVA SA-08-CA-820-FB, 2008 WL 5686083, at *3 (W.D. Tex. Dec. 22, 2008) (denying motion to remand after finding it was facially apparent that the plaintiff's alleged damages resulting from her purchase of an allegedly defective vehicle that cost approximately only $22,000 would clear the jurisdictional threshold where she also asserted entitlement to mental anguish damages as well as trebled damages along with attorney's fees); *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) (holding jurisdictional threshold met where the plaintiffs sought liquidated property damages of only $48,000, but they also sought "treble damages" as well as "exemplary damages which, if awarded, would no doubt increase Plaintiffs' award to a figure that transcends $75,000.00").[3] *See Werwinski v. Ford Motor Co.*, No. CIV.A. 00-943, 2000 WL 375260, at *4

---

[2] In addition, all of these Plaintiffs sent Ford pre-suit demand letters in which they each individually demanded $75,000 for economic damages, mental anguish damages, attorney's fees, and treble damages, but *before* adding in the punitive damages they seek in their petition but do not mention in their demand letters. **Exs. B1 – B-15.**

[3] Should the Court not agree that it is not facially apparent from the Petition that the amounts Plaintiffs' claims exceed $75,000, then Defendant Ford requests the opportunity to provide "summary judgment-type proof" regarding the amount in controversy at the time of removal the jurisdictional amount. *See De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *Wofford v. Allstate Ins. Co.*, No. CIVA. 304CV2699-M, 2005 WL 755761, at *1 (N.D. Tex. Apr. 4, 2005)'

5

(E.D. Pa. Apr. 11, 2000), *aff'd*, 286 F.3d 661 (3d Cir. 2002) (denying remand where, after recognizing that even with a vehicle purchase price of $15,000 and after factoring in trebled damages as sought under the applicable consumer-protection statute along with attorney's fees and claimed collateral damages, "punitive damages would only have to be about half of the possible compensatory damages in order to exceed the $75,000 threshold").

13.     Moreover, Plaintiffs' demand for "any other just and proper relief available under the Texas DTPA" would include a demand for rescission and restitution of their vehicles' purchase price. Tex. Bus. & Comm. Code § 17.50(b)(3); *Cruz*, 364 S.W.3d at 824 & n.7; (Orig. Pet. ¶¶ 321, 326); *also Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3d Cir. 2002) (affirming denial of remand where the district court considered the vehicles' purchase price as a proper measure of damages under the state's consumer protection act—despite the plaintiffs not alleging the purchase price in their petition—and where the plaintiffs sought all relief allowable under that act and alleged that they would not have bought or leased their vehicles but for the alleged violations of the act).

### Timeliness, Venue, and Compliance with Procedural Requirements

14.     Pursuant to 28 U.S.C. §§ 1441(b), removal must be made within thirty (30) days of service. Defendant Ford was served with the Summons and Petition on August 18, 2020, by certified mail. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (explaining that the 30-day removal period runs from the date of service). Therefore, this Notice of Removal is timely.

15.      Removal to the United States District Court for the Northern District of Texas is proper based on 28 U.S.C. 1441(a), as it is the district and division embracing where the State Court action was initiated.

16.     Pursuant to 28 U.S.C. 1446(d), a true and correct copy of this Notice of Removal is being filed this date with the Clerk of the District Court of Dallas County, Texas.

---

*also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

17. Prompt written notice of this removal is being served on Plaintiffs' counsel.

### Documents Submitted with this Notice of Removal

18. Pursuant to 28 U.S.C §1446(a) and N.D. Tex. Loc. R. 81.1(a)(4), the following documents are attached to this Notice of Removal:

A) Index of Documents Filed in State Court

   A-1) Plaintiffs' Original Petition and Jury Demand, filed August 13, 2020;

   A-2) Status Conference Order filed August 14, 2020;

   A-3) Defendant Ford Motor Company's Motion to Transfer Venue and, Subject Thereto, Motion to Sever, Special Exceptions, and Answer to Plaintiffs' Original Petition filed September 14, 2020.

B) Pre-suit Claim Letters

   B-1) James Stalnaker claim letter dated May 5, 2020;

   B-2) Donald Triplett claim letter dated July 1, 2020;

   B-3) Damon & Lisa Webb claim letter dated July 1, 2020;

   B-4) Jerry White claim letter dated July 28, 2020;

   B-5) Jerry Marquez claim letter dated May 5, 2020;

   B-6) Jeffery Tapp claim letter dated May 5, 2020

   B-7) Eric Kelly claim letter dated May 5, 2020;

   B-8) John Labunski claim letter dated July 1, 2020;

   B-9) Karina Martinez claim letter dated May 15, 2020;

   B-10) Jim Wheat claim letter dated May 5, 2020;

   B-11) Jon Wheelis claim letter dated July 28, 2020;

   B-12) Linda Makinney claim letter dated May 5, 2020;

   B-13) Kelly Duncan claim letter dated May 5, 2020;

   B-14) Phillip Jacobson claim letter dated July 1, 2020; and

> B-15) Jonathan Longacre claim letter dated May 5, 2020.

C). Dallas County District Court Docket Sheet

D). Civil Cover Sheet

E). Supplemental Civil Cover Sheet

F). Local Rule 3.3 Notice

## **Reservation of Rights, Opportunity to Respond, and Jury Demand**

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant Ford's right to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), 9(b), 12, 20, 21, or otherwise.

20. Should Plaintiffs move to remand this action, Defendant respectfully requests an opportunity to respond more fully in a supplemental memorandum.

21. Defendant demands a jury trial.

## **Prayer**

WHEREFORE, Defendant Ford Motor Company hereby submits notice that the above matter is removed from the District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, per 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
    John W. Chambless II
    State Bar No.  00796334
    E-Mail: jchambless@thompsoncoe.com
    Michael W. Eady
    State Bar No. 06332400
    E-Mail: meady@thompsoncoe.com

701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: (512) 703-5073
Facsimile: (512) 708-8777
    Barton J. Freeman
    State Bar No. 00790717
    E-Mail: bfreeman@thompsoncoe.com

700 North Pearl Street
25th Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209

**ATTORNEYS FOR DEFENDANT**
**FORD MOTOR COMPANY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 14, 2020, I served the following document on all counsel of record via electronic notice and/or facsimile pursuant to and in accordance with the Federal Rules of Civil Procedure:

Eric D. Pearson, State Bar No. 15690472
Charles W. Miller, State Bar No. 24007677
Heygood, Orr & Pearson
6363 N. State Hwy 161, Ste. 450
Irving, TX 75038
Ph:  214-237-9001
Fax: 214-237-9002
eric@hop-law.com
charles@hop-law.com

Craig M. Patrick, State Bar No. 00792743
Patrick Law Firm, P.C.
6244 E. Lovers Lane
Dallas, Texas 75214
Ph:  214-390-3343
Fax: 469-914-6565
craig@patricklaw.com

***Attorneys for Plaintiffs***

                                                                      John W. Chambless II